UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


Sarkis                          :
                                :
        v.                      :           3:02cv1710 WWE
                                :
Baja Marine Corp                :


SETTLEMENT CONFERENCE ORDER

READ NOW AND COMPLY WITH THIS ORDER CAREFULLY

This case has been referred to the Honorable Holly B. Fitzsimmons, United States Magistrate Judge, for a settlement conference.

Counsel shall consult to determine three(3) mutually agreeable dates for this settlement conference and provide a letter to the Court within fourteen(14) days of this Order indicating those dates. Counsel for all parties and their clients, or representatives of the client(s) with full authority to settle, must be available to attend the conference on the dates chosen. The dates shall be at least 60, but no more than 120, days after the docketing of this Order. If a date requested is more than 120 days after the docketing of this Order, counsel should explain the reason for the delay

The Court will endeavor to accommodate the parties'

requested dates. However, in the absence of agreement or in the event of a conflict with the Court's schedule, the Court may set an alternative date.

Once set by the Court, the date of the settlement conference cannot be changed except by order of the Court on application timely made. It is the obligation of counsel to inform their clients and client representatives as soon as the conference is scheduled, so that all can make appropriate plans to reserve the date and attend.

**PRESENCE OF PARTIES/PERSONS WITH AUTHORITY**

The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party <u>who is fully authorized to decide all matters</u> pertaining to the case shall be present at the conference. The Court will not hold a settlement conference without all parties present. Availability of a party by telephone IS NOT PERMITTED without the authorization of the Court, which must be sought, in writing, <u>at least</u> two weeks in advance. In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.

For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.

The purpose of this requirement is to have in attendance a person with both the authority to exercise discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. FAILURE OF A PARTY OR PARTY REPRESENTATIVE <u>WITH FULL</u>

<u>AUTHORITY TO SETTLE THE CASE</u> TO ATTEND THE CONFERENCE MAY RESULT IN THE IMPOSITION OF SANCTIONS. The parties should be prepared to spend the entire day in the settlement conference.

PRE-CONFERENCE REQUIREMENTS

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. <u>Before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counterproposals shall be made.</u> If settlement is not achieved before the conference, the parties shall be prepared to engage in further negotiation at the conference.  Not later than 14 days before the conference, plaintiff's counsel shall contact defendant's counsel to initiate these discussions, if they are not already on-going.

At least five (5) days before the conference, each party shall provide to the undersigned, in confidence, a concise statement, no longer than 3 pages in length, of the evidence the party expects to produce at trial.  The statements shall outline the settlement negotiations to date, and identify where possible the obstacles or impediments which have so far prevented settlement of the matter. Please prepare the statement so that it ARRIVES in chambers by mail or messenger on or before the due date.

CONDUCT OF THE SETTLEMENT CONFERENCE

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted so that no party will be prejudiced in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party or to the trial judge, unless the party authorizes disclosure.

At the settlement conference, while all the parties are together, counsel for each party will give a brief presentation to the judge, outlining the factual and legal issues presented by the case. Remaining discovery, substantive motions, and other work necessary to prepare the case for trial in the event a settlement is not reached will also be discussed. Then separate confidential caucuses will be held with each party and the party's representative(s). Attached is an outline for counsel to

review with the parties prior to the settlement conference to make the best use of the time allotted.

All statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference, shall be deemed confidential and shall not be admissible in evidence for <u>any</u> reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as a hearing on a motion for sanctions regarding the settlement conference.

The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement. Where it is impossible for the person with authority to be personally present, counsel for that party shall so advise opposing counsel and attempt to work out an acceptable alternative <u>at least</u> two weeks in advance of the conference. Any alternative requires the advance permission of the Judge, which may be obtained by written motion or telephone conference.

**NOTICE OF RESOLUTION/NEED FOR CONTINUANCE**

If the case is resolved after the issuance of this order and prior to the conference date, notice must be given to Judge Fitzsimmons' chambers. Because of the demand for settlement conferences, giving notice as early as possible will make it likelier that another conference can be rescheduled into the allotted time slot.

**SO ORDERED this 20th day of November 2003**

**HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE**

**SETTLEMENT CONFERENCE PREPARATION**

**Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.**

**A.        FORMAT**

        **1.    Parties with ultimate settlement authority must be personally present.**

        **2.    The court will use a mediation format, and private caucusing with each side; the judge may address your client directly.**

        **3.    Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged. Have you discussed these options with your client?**

**B.        ISSUES**

        **1.    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?**

        **2.    What remedies are available resulting from this litigation or otherwise?**

        **3.    Is there any ancillary litigation pending planned which affects case value?**

        **4.    Do you have enough information to value the case? If not, how are you going to get more information before the conference?**

        **5.    Do attorneys fees or other expenses affect settlement? Have you communicated this to the other side?**

**C.        AUTHORITY**

        **1.    Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the court immediately.**

        **2.    Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately.**

**D.        NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

**E.        CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.