UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE SARKIS | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 302CV1710WWE |
| VS. | : | |
| | : | |
| BAJA MARINE CORPORATION and INAMAR | : | |
| INSURANCE UNDERWRITING AGENCY, INC. | : | |
| | : | |
| Defendants. | : | APRIL 20, 2003 |

**STIPULATION REGARDING CONFIDENTIALITY**

It is hereby stipulated that:

1.      Defendant Baja Marine Corporation ("Baja") will designate certain information and/or material, which will be produced in response to discovery requests in the above-titled action, which Baja deems confidential, as "Confidential" by written notice identifying the confidential document, or other information, or by affixing to the first page of such material a legend, such as "Confidential," "Confidential Document," "Confidential Material," or words of similar import.

2.      Documents so marked or identified and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Stipulation. "Confidential Material" shall be interpreted to include any and all copies, excerpts, summaries, or other renderings of material or information designated as "Confidential."

3. No Confidential Material may be disclosed by the parties to this action or their counsel to any person other than (a) attorneys for the parties; (b) secretaries, paralegals, assistants, and other employees of the attorneys assisting in the prosecution or defense of this case; (c) the parties themselves; (d) consultants and experts retained for the purpose of assisting in the prosecution or defense of this case; and (e) the Court, unless disclosure is required by any party to enforce this agreement against the other party.

4. Any document not designated as Confidential Material shall not be covered by this Stipulation, provided, however, that inadvertent production of any document without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such document, and the producing party may within 30 days after discovery of the inadvertent production designate the same as "Confidential." Disclosure to any party or non-party of such material prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Stipulation.

5. If any party believes that documents which have been designated "Confidential" should not be so designated, that party may request a ruling from the Court as to whether the documents in question should be designated as "Confidential."

6. Before counsel for any party makes any disclosure of Confidential Material to any person described in paragraph 3(d) (i.e. consultants or experts) in accordance with this Stipulation, counsel for that party shall first obtain an agreement in writing (in the form attached

hereto as Exhibit A) from the person to whom disclosure is to be made ("Confidant") reciting that the Confidant has read a copy of this Stipulation and agrees to be bound by its provisions.

   7. Counsel for the party disclosing Confidential Material pursuant to paragraph 6 shall ensure that all persons described in 3(b) (i.e. employees) and/or 3(c) (i.e. the parties) understand the terms and conditions of this Stipulation and will abide by those terms and conditions.

   8. No Confidential Material shall be disclosed or used for any purpose whatsoever other than for the prosecution or defense of the litigation of this action and shall not be disclosed or used by anyone in connection with any other action or for any other purpose.

   9. No Confidential Material shall be filed in the public record of this action.  The parties explicitly agree that it is necessary to file Confidential Material under seal to preserve the right of Baja to maintain confidentiality of its proprietary information, and that this right overrides the public's interest in viewing such materials.  The parties will not oppose a motion pursuant to Local Rule 5(d) to file Confidential Materials under seal; however, the parties may challenge the designation of documents filed under seal with the Court as "confidential" as previously set forth in paragraph 6.

   10. Within 90 days of the final conclusion of this action, including, without limitation, any appeal or re-trial, all counsel and every person to whom designated Confidential Material has been disclosed shall return to counsel for the producing party or to the non-party all such

designated Confidential Material, including all copies thereof, or shall certify that all Confidential Material in that counsel or person's possession has been shredded or otherwise destroyed.

| THE PLAINTIFF, GEORGE SARKIS | THE DEFENDANT, INAMAR INSURANCE COMPANY |
|---|---|
| By:_____<br>    John Quinn<br>    Furniss & Quinn, PC<br>    248 Hudson Street<br>    Hartford, CT 06106<br>    His Attorney | By:_____<br>    Nicole D. Dorman<br>    Sack, Spector & Karsten<br>    836 Farmington Avenue<br>    West Hartford, CT 06119<br>    Its Attorney |

THE DEFENDANT, BAJA MARINE CORPORATION

By:_____
    Maxwell Branson
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    Its Attorney

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE SARKIS | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 302CV1710WWE |
| VS. | : | |
| | : | |
| BAJA MARINE CORPORATION and INAMAR INSURANCE UNDERWRITING AGENCY, INC. | : | |
| | : | |
| Defendants. | : | |

## **CONFIDENTIALITY AGREEMENT**

I acknowledge that I have read and understand the Stipulation of Confidentiality signed by the parties and agree to abide by all its terms and conditions. I also understand that any violation of said Stipulation by me will subject me to damages for breach of contract or other lawful remedies (including injunctive relief) ordered by a court of competent jurisdiction.


Dated:_____        _____
                                                              Signature